UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JESSE GUTIERREZ, )
        Movant, )
 )
vs. )    2:10-cv-0159-WTL-WGH
 )
UNITED STATES OF AMERICA. )

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesse Gutierrez for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

Gutierrez entered a plea of guilty to drug offenses in TH03-cr-15-02-T/L. As part of the guilty plea, which the court accepted on November 29, 2004, Gutierrez waived what would otherwise have been his rights to both file an appeal from the disposition in the case and to file a motion pursuant to 28 U.S.C. § 2255. The court accepted that guilty plea after finding that it was validly entered. On March 4, 2005, Gutierrez was sentenced to 234 months imprisonment pursuant to the terms of the plea agreement. Judgment of conviction was entered on March 15, 2005. No appeal was filed. Gutierrez attempts to set aside his conviction based on his claims that the court failed to provide him with an interpreter so he could fully understand what was going on, he was entitled to but not provided an attorney who spoke Spanish, and the Second Superceding Indictment was faulty, causing the district court to lack jurisdiction over the drug type and drug amount charged.

Gutierrez's motion for relief pursuant to 28 U.S.C. § 2255 was signed on June 11, 2010, and was docketed on June 21, 2010. The United States has appeared in the action and argues that Gutierrez's challenge was not timely filed and is barred by the waiver of post-conviction relief. Gutierrez has replied.

Gutierrez's conviction became final on March 29, 2005, when his time to file a direct appeal expired. Using the 1-year period from "the date on which the judgment of conviction becomes final" specified in 28 U.S.C. § 2255(f)(1), to be timely, Gutierrez's present motion would have to have been filed by March 29, 2006. Applying the prison mailbox rule, see *Houston v. Lack,* 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), the date Gutierrez signed the motion, June 11, 2010, was more than four years after the § 2255(f)(1) statute of limitations expired.

Gutierrez acknowledges that his filing is over four years late. Gutierrez first responds by arguing that he was not aware of the one-year limitations period until he met a jailhouse lawyer who told him he was four years late in filing his motion. Gutierrez alleges that he then immediately asked the jailhouse lawyer to prepare his motion. Unfortunately for Gutierrez, his lack of knowledge of the statute of limitations is not a sound basis to overlook his late filing. "[A] mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Robinson v. United States*, 416 F.3d 645, 651 n.1 (7th Cir. 2005). "Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack." *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002).

Gutierrez also invokes the doctrine of equitable estoppel and asks the court to excuse his late filing because he does not read, write, or speak English well enough to know and understand the American law. "Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing." *Robinson,* 416 F.3d at 650 n.1.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Gutierrez argues that he was diligent in filing his § 2255 motion as evidenced by his assertion that as soon as he learned that there was a one-year statute of limitations, he asked the jailhouse lawyer to prepare his motion. He does not specify any dates as to when he met the jailhouse lawyer, but nonetheless, as noted above, the fact that he did not know about the one-year limit does not rescue this untimely action.

Aside from when he became aware of the one-year limit, the court notes that Gutierrez began filing written requests for materials as early as July 26, 2005, and again November 27, 2006. In his letter dated July 26, 2005, Gutierrez requested copies of certain documents and transcripts because he was "in the process of filing a post-conviction motion in the near future." The court ruled on this request in its Entry of August 19, 2005. In his November 7, 2006, letter, Gutierrez stated that he needed a copy of the plea agreement and transcripts because he intended to file an ineffective assistance of counsel claim under 28 U.S.C. § 2255. He filed additional requests in February and April of 2007. The court ruled on these requests in an Entry of April 30, 2007.

Contrary to these intentions to file a § 2255 motion in the "near future," expressed a few months after he was convicted, Gutierrez did not file his motion until four years later. Under any standard, the above facts do not reflect the due diligence required to consider any type of extraordinary equitable relief.

Under these circumstances, the court need not discuss the United States' second argument that Gutierrez's § 2255 action must be dismissed because he waived his right to file such an action in his plea agreement. Because the pleadings and the expanded record show that Gutierrez's § 2255 action was not timely filed, his motion for relief pursuant to 28 U.S.C. § 2255 must be denied without the court reaching the merits of his underlying claims. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Gutierrez has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/08/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

JESSE GUTIERREZ
76307-198
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521